STATE EX REL. LEWIS STANLEY FELSON ET UX.
*vs.*
HAROLD W. ALLEN, REGISTRAR OF
VITAL STATISTICS

Superior Court          Fairfield County          File No. 61948

MEMORANDUM FILED MAY 13, 1941.

*Julius B. Kuriansky,* of Stamford, for the Plaintiffs.

*H. Allen Barton,* of Greenwich, for the Defendant.

INGLIS, J.   This is a mandamus action to compel the re-

spondent to correct the records of vital statistics in Greenwich by adding thereto a record of the marriage of the relators which they claim took place on September 21, 1921.

It is found that, in the evening of that day, the relators, who were then residents of New York City, drove to Greenwich, arriving there at about 10 o'clock. Upon arrival, they inquired of a person on the street as to where they could find a justice of the peace. They were directed to an address which they cannot now remember. At that address they found a small dwelling with a card on the door reading "Justice of the Peace." They went in and asked a man whom they found there, but whose name they do not remember, if he would marry them. He told them he would but that they would have to wait. He called in another man whom they took to be the town clerk, but their description of that man does not fit the town clerk who was then in office. That man filled out what they understood was an application for a marriage license and they signed it. There had been no five-day notice filed by them and no person had purported to waive that notice. The so-called justice then went through a marriage ceremony with them and gave them a certificate of marriage which they have lost. They have lived together as man and wife ever since.

On these facts there are several reasons why the writ of mandamus should not issue. In the first place the relators have not satisfied the burden which is upon them of proving that a marriage license was issued by the then town clerk of the Town of Greenwich or that the person who undertook to marry them was a justice of the peace or a person authorized by law to marry.

In the second place, even though the court were satisfied, it appears that the respondent is not. He, being an administrative officer, has the right to make his own determination of the facts and unless he has acted unreasonably his conclusions are binding. In this case, he certainly has not acted unreasonably. In the decision of such questions of fact as are involved here, he has some discretion and his discretion may not be controlled in mandamus proceedings so as to compel him to come to the decision on those facts which the relators desire.

And in the third place, even though the respondent came to the conclusion that the relators had been legally married, he has no authority to correct his records on the strength of the

information available. Section 337 of the General Statutes, Revision of 1930, provides: "The registrars shall complete the records of their respective towns by adding thereto a record of all the births, marriages and deaths that have occurred in such towns since the date of their incorporation, of which no certificate has been returned to their office; provided the facts upon which such record is made have been obtained from the record of a public official, a church society or under sections 334, 339 and 341...."

The information as to the claimed marriage here cannot be obtained from "the record of a public official" or "a church society." Nor can it be obtained under sections 334, 339 and 341. Sections 339 and 334 relate only to birth certificates and death certificates. They clearly have nothing to do with marriages. Section 334 contains the provision that the registrar of vital statistics "when any birth or death shall happen of which no certificate shall be returned to him, shall obtain the information required by law respecting such birth or death" and this is clearly the part of the section to which section 337 refers. That however, has nothing to say about marriages. In another clause, section 334 also provides that the registrar "shall amend his records as he may discover mistakes or omissions therein." This clause obviously contemplates that the registrar has a record which he can amend. It means, for instance, that if he has a record of a marriage in which a name is misstated or a date omitted he may amend that record by filling in the correct information. If he has no record of a marriage there is nothing for him to amend and this clause certainly cannot mean that he has the power by virtue of it to make up a complete new record. If it did there would be no need for section 337. It is section 337 which is intended to cover all situations in which it is permissible for the registrar to make up new records of births, marriages and deaths, and in that section the Legislature is careful to limit the registrar to sources of information which are authentic because the information comes from written records or is within the registrar's personal knowledge. It is therefore concluded that none of these sections of the statutes authorize the respondent to make up a record of the claimed marriage of the relators on the basis of such information concerning it as is available.

Judgment may enter denying the writ and that the respondent recover of the relators his taxable costs.